IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JORDAN OUTDOOR ENTERPRISES, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 4-12-cv-297 (CDL) |
| ) | |
| HUBEI WILD TREES TEXTILES CO., LTD., ) | |
| WILDFOWLER OUTFITTER INC., and ) | |
| THATCHREED LIMITED d/b/a ) | |
| JACK PYKE OF ENGLAND ) | |
| ) | |
| Defendants. ) | |
| ) | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, AND CANCELLATION OF FEDERAL COPYRIGHT REGISTRATIONS**

Plaintiff Jordan Outdoor Enterprises, Ltd. ("JOEL") for its complaint against Hubei Wild Trees Textiles Co., Ltd. ("Hubei"), Wildfowler Outfitter Inc. ("Wildfowler"), and Thatchreed Limited d/b/a Jack Pyke of England ("Jack Pyke") (collectively hereinafter "Defendants") alleges as follows:

**PARTIES**

1.

JOEL is a Georgia corporation having its principal place of business at 1390 Box Circle, Columbus, Georgia 31907. JOEL is a leader in the camouflage industry with over 2000 licensees selling various products bearing JOEL's copyrighted patterns and using JOEL's trademarks.

19445138.1

2.

Defendant Hubei is a China Limited Liability Company with a place of business at C1-402, No. 27 Yongqing Road, Wuhan, Hubei, China.  Hubei may be served at this address according to the provisions of the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters.  Hubei exports camouflage clothing and other types of goods in the outdoor industry to the United States.

3.

Defendant Wildfowler is a Minnesota Corporation with a place of business at 12755 County Road 43, Chaska, Minnesota 55318.  Wildfowler may be served at this address.  Wildfowler imports camouflage clothing and other types of goods in the outdoor industry for sale in the United States.

4.

Defendant Jack Pyke is an English Private Limited Company with a place of business at Haynes West End, Bedford, MK45 3QU, United Kingdom.  Jack Pyke may be served at this address according to the provisions of the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters.  Jack Pyke imports and exports camouflage clothing and other types of goods in the outdoor industry to the United States.

## JURISDICTION

5.

This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1332, and 1338; 15 U.S.C. § 1121; and the doctrine of pendent jurisdiction, 28 U.S.C.

§ 1367(a). This Court has personal jurisdiction over the Defendants on the basis of the Defendants' systematic, purposeful, and continuous contacts in this State and this District, and that the acts complained of herein occurred and are occurring in this State and this District.

6.

Venue is proper in this District and Division under 28 U.S.C. §§ 1391 and 1400.

## JOEL'S TRADEMARKS AND COPYRIGHTS

7.

JOEL owns all right, title and interest in the Realtree® and Advantage® line of camouflage patterns. The Realtree® and Advantage® camouflage patterns are among the most famous and well-known camouflage patterns in the camouflage and outdoor industry in the United States and throughout the world.

**The Realtree Patterns and Trademarks**

8.

Since at least as early as September 1985, JOEL, its predecessors in interests, and its licensees have used the trademark Realtree® on various types of goods that incorporate camouflage patterns thereon, including soft goods such as fabrics and hard goods having hard surfaces. JOEL and its licensees have extensively promoted goods bearing the Realtree® trademark in print and television advertising and otherwise.

9.

JOEL owns all right, title, and interest in an original pattern design entitled the "HIGH DEFINITION REALTREE HARDWOODS CAMOUFLAGE" pattern. The pattern was registered in the United States Copyright Office under Certificate of Copyright Registration No. VAu 529-869 on June 12, 2001. JOEL refers to this copyrighted work as the Realtree Hardwoods HD® pattern. A copy of Copyright Registration No. VAu 529-869 is attached hereto as Exhibit A. JOEL has published the pattern covered by the copyright and registration by selling, publicly distributing, and licensing products bearing the pattern.

10.

JOEL owns all right, title, and interest in an original pattern design entitled the "HIGH DEFINITION REALTREE HARDWOODS GREEN CAMOUFLAGE" pattern. The pattern was registered in the United States Copyright Office under Certificate of Copyright Registration No. VAu 529-870 on June 12, 2001. JOEL refers to this copyrighted work as the Realtree Hardwoods Green HD® pattern. A copy of Copyright Registration No. VAu 529-870 is attached hereto as Exhibit B. JOEL has published the pattern covered by the copyright and registration by selling, publicly distributing, and licensing products bearing the pattern.

**The Advantage Patterns**

11.

Since at least as early as January 1994, JOEL, its predecessors in interests, and its licensees have used the trademark Advantage® on various types of products that incorporate camouflage patterns thereon, including soft goods such as fabrics and hard goods having hard

surfaces.  JOEL and its licensees have extensively promoted goods bearing the Advantage® trademark in print and television advertising and otherwise.

12.

JOEL owns all right, title, and interest in an original pattern design entitled the "ADVANTAGE MAX-4" pattern.  The pattern was registered in the United States Copyright Office under Certificate of Copyright Registration No. VAu 571-383 on August 1, 2002.  A copy of Copyright Registration No. VAu 571-383 is attached hereto as Exhibit C.  JOEL has published the pattern covered by the copyright and registration by selling, publicly distributing, and licensing products bearing the pattern.

**DEFENDANTS' CONDUCT**

13.

Defendants manufacture, export, import, sell and/or offer for sale products bearing at least one of JOEL's copyrighted camouflage patterns.

**Hubei**

14.

Hubei designs, manufactures, and exports camouflage clothing and other goods for the outdoor industry.  Hubei exports into the United States camouflage products with counterfeit versions of JOEL's Patterns thereon.  Attached hereto as Exhibit D is a photograph of a jacket sold under the mark "Wild Trees" and exported by Hubei bearing a counterfeit version of the Realtree Hardwoods pattern.  Attached hereto as Exhibit E is a photograph of a jacket sold under

the mark "Wild Trees Grasslands" bearing a counterfeit version of the Advantage Max-4 pattern.

15.

The Wild Trees pattern contains numerous elements copied from the Realtree Hardwoods pattern with additional elements layered thereon.  The Wild Trees Grasslands pattern contains numerous elements copied from the Advantage Max-4 pattern with additional elements layered thereon.

16.

Hubei obtained a U.S. Federal Trademark registration for the mark "Wild Trees."  A copy of Registration No. 4,124,518 is attached hereto as Exhibit F.  In a declaration signed pursuant to 18 U.S.C. § 1001, Wang Xiao Jun, Director of Hubei, declared that Hubei had used the mark "Wild Trees" in commerce since September 1, 2010 for goods including "Shirts; Trousers; Jackets; Parkas; Tee-shirts; Fishing Vests; Waterproof Clothing; Rain Coats; Caps; Mittens."  In a November 24, 2011 Response to Office Action, Hubei amended the description of goods to include "Shirts; Trousers; Jackets; Parkas; Tee-shirts; Fishing Vests; Caps; Mittens; Waterproof clothing, namely, rainwear, rain coats, rain ponchos, dry suits, shirts, pants, hats, jackets, coats, shoes and gloves."  Hubei's registration includes that amended description.

17.

Hubei obtained U.S. Federal Copyright registrations for the "Wild Trees" pattern, the "Wild Tree Grasslands" patterns, and for variations thereon.  Copies of U.S. Copyright Registrations Nos. VA0001695424; VA0001753776; VA0001751655; VA0001751653; VAu001085381; VA0001820900; VAu001085379; and VA0001753775 are attached hereto as Exhibit G.

18.

Upon information and belief, Hubei's products bearing JOEL's copyrighted camouflage patterns are sold or offered for sale through distributors, in retail stores, and on internet websites in the United States at least by Wildfowler and Jack Pyke.

19.

Hubei incorporated JOEL's copyrighted camouflage patterns on its products without license or authorization from JOEL.

20.

Hubei is not a licensee of JOEL in any manner whatsoever.

21.

Between March 30, 2012 and May 11, 2012, Mr. Brian R. Doughman of JOEL and Mr. William Wang of Hubei exchanged a number of emails concerning Hubei's patterns. In a May 11, 2012 email, Mr. Wang stated:

> [r]egarding to the 2 patterns you concerned, in you previous attached photos, we really find the similar leafs in our pattern and yours as you pointed. We decided to re-take our photos and re-design these 2 patterns and ensure that there is no one pc same leaf or other element as your pattern.

A copy of the May 11, 2012 email is attached hereto as Exhibit H.

**Wildfowler**

22.

Wildfowler imports, sells and offers for sale camouflage products with counterfeit versions of JOEL's Patterns thereon. Specifically, Wildfowler imports camouflage products with counterfeit versions of JOEL's Patterns thereon from Hubei and sells them throughout the

19445138.1                                   7

United States, including in this State and this District.  Attached hereto as Exhibit I is a photo of a jacket sold by Wildfowler bearing a counterfeit version of the Advantage Max-4 pattern.

23.

Wildfowler sold and shipped such a jacket to Mr. David Wright of Dublin, Georgia on July 19, 2012.  A copy of the receipt is attached hereto as Exhibit J.

24.

Wildfowler sold and shipped such a jacket to Ms. Michelle Caudill of Warner Robins, Georgia on September 11, 2012.  A copy of the receipt is attached hereto as Exhibit K.

25.

On information and belief, Wildfowler imported into the United States 961 cartons of jackets and jacket head covers from Hubei between November 17, 2011 and December 21, 2011.

26.

On information and belief, Wildfowler products bearing JOEL's Patterns are sold or offered for sale through retail stores, on Internet websites, and elsewhere.

27.

Wildfowler is not now and has never been a licensee of JOEL in any manner whatsoever.

**Jack Pyke**

28.

Jack Pyke imports, exports, sells and offers for sale camouflage products with counterfeit versions of JOEL's Patterns thereon.  Specifically, Jack Pyke imports camouflage products with counterfeit versions of JOEL's Patterns thereon from Hubei and exports them to the United

States, including to this State and this District. Attached hereto as Exhibit L is a photo of a jacket sold by Jack Pyke bearing a counterfeit version of the Advantage Max-4 pattern.

29.

Jack Pyke sold and shipped such a jacket to Mr. David Wright of Dublin, Georgia during July, 2012.

30.

Jack Pyke sold and shipped such a jacket to Ms. Michelle Caudill of Warner Robins, Georgia on September 16, 2012. A copy of the receipt is attached hereto as Exhibit M.

31.

On information and belief, Jack Pyke products bearing JOEL's Patterns are sold or offered for sale through Internet websites and elsewhere.

32.

Jack Pyke is not now and has never been a licensee of JOEL in any manner whatsoever.

## COUNT I
## COPYRIGHT INFRINGEMENT

33.

JOEL repeats and incorporates by reference all of the allegations set forth in paragraphs 1-32 above.

34.

By reproducing a copyrighted camouflage pattern of JOEL on certain of their products, Defendants have committed an act that violates JOEL's exclusive right to reproduce its copyrighted works pursuant to 17 U.S.C. § 106(1). These acts constitute copyright infringement

in violation of 17 U.S.C. § 501.

35.

To the extent that the designs displayed on Defendants' products are in any way different from a camouflage pattern that is copyrighted by JOEL, the resultant work is a violation of JOEL's exclusive right to prepare derivative works pursuant to 17 U.S.C. § 106(2). These acts constitute copyright infringement in violation of 17 U.S.C. § 501.

36.

Defendants distribution of products bearing copyrighted camouflage patterns of JOEL thereon violates JOEL's exclusive right to distribute its copyrighted works pursuant to 17 U.S.C. § 106(3). These acts constitute copyright infringement in violation of 17 U.S.C. § 501.

37.

On information and belief, Defendants performed the aforesaid acts of infringement of JOEL's copyrights with knowledge and in disregard of JOEL's rights therein.

38.

Defendants' aforesaid acts have irreparably damaged JOEL and will continue to irreparably damage JOEL unless enjoined by this Court, as a result of which JOEL is without an adequate remedy at law.

## COUNT II
## FEDERAL UNFAIR COMPETITION

39.

JOEL repeats and incorporates by reference all of the allegations set forth in paragraphs 1-32 above.

40.

Defendants aforesaid acts tend to represent falsely that Defendants are affiliated, connected, associated with, or authorized by JOEL, or the reverse.  Defendants aforesaid acts also tend to describe falsely that Defendants' goods or services emanate from or are sponsored by or approved by JOEL, or the reverse.  Defendants' aforesaid acts also tend to cause confusion as to the origin of the goods or services.  All of these acts constitute violations of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.

On information and belief, Defendants did the aforesaid acts with knowledge and in disregard of JOEL's rights therein.

42.

Defendant's aforesaid acts have irreparably damaged JOEL and will continue to irreparably damage JOEL unless enjoined by this Court, as a result of which JOEL is without an adequate remedy at law.

## COUNT III
## UNFAIR COMPETITION UNDER GEORGIA LAW

43.

JOEL repeats and incorporates by reference all of the allegations set forth in paragraphs 1-32 above.

44.

 By reason of the foregoing, Defendants have engaged, and are continuing to engage, in acts of unfair competition in violation of O.C.G.A. § 23-2-55.

45.

On information and belief, Defendants did the aforesaid acts with knowledge and in disregard of JOEL's rights therein.

46.

Defendants' aforesaid acts have irreparably damaged JOEL and will continue to irreparably damage JOEL unless enjoined by this Court, as a result of which JOEL is without an adequate remedy at law.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

47.

JOEL repeats and incorporates by reference all of the allegations set forth in paragraphs 1-32 above.

48.

Defendants' aforesaid acts constitute unfair competition in violation of the common law in the state of Georgia in that:

    (a)    said acts enable Defendants to obtain the benefit of, and trade on, the good will of JOEL;

    (b)    said acts damage JOEL's goodwill in that JOEL has no control over the business of Defendants;

    (c)    said acts are likely to cause confusion, mistake, or deception; and

    (d)    said acts will result in the unjust enrichment of Defendants.

49.

On information and belief, Defendants did the aforesaid acts with knowledge and in disregard of JOEL's rights therein.

50.

Defendants' aforesaid acts have irreparably damaged JOEL and will continue to irreparably damage JOEL unless enjoined by this Court, as a result of which JOEL is without an adequate remedy at law.

## COUNT V
## GEORGIA DECEPTIVE TRADE PRACTICES ACT

51.

JOEL repeats and incorporates by reference all of the allegations set forth in paragraphs 1-32 above.

52.

By reason of the foregoing acts, Defendants have violated the Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-371 *et seq.*

53.

On information and belief, Defendants did the aforesaid acts with knowledge and in disregard of JOEL's rights therein.

54.

Defendants' aforesaid acts have irreparably damaged JOEL and will continue to irreparably damage JOEL unless enjoined by this Court, as a result of which JOEL is without an adequate remedy at law.

## COUNT VI
## CANCELLATION OF FEDERAL COPYRIGHT REGISTRATIONS

55.

JOEL repeats and incorporates by reference all of the allegations set forth in paragraphs 1-32 above.

56.

Hubei wrongly sought and obtained the copyright registrations above. Hubei is not an author of the works or Hubei's additions are *de minimis* because Hubei copied JOEL's patterns.

57.

Hubei's aforesaid acts have irreparably damaged JOEL and will continue to irreparably damage JOEL unless enjoined by this Court, as a result of which JOEL is without an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, JOEL prays that:

A.  Hubei be enjoined and directed to cancel U.S. Copyright Registration Nos. VA0001695424; VA0001753776; VA0001751655; VA0001751653; VAu001085381; VA0001820900; VAu001085379; and VA0001753775 and/or that this Court direct the Register of Copyrights to cancel U.S. Copyright Registration Nos. VA0001695424; VA0001753776; VA0001751655; VA0001751653; VAu001085381; VA0001820900; VAu001085379; and VA0001753775.

B. Defendants, their officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, licensees, manufacturers, distributors, and all that are in active concert or participation with them, or any of them, be enjoined and restrained during the pendency of this action and permanently thereafter from:

1. infringing JOEL's copyrights;

2. copying or otherwise reproducing in whole or in part JOEL's copyrighted designs or derivatives thereof;

3. manufacturing, marketing, distributing, displaying, importing, exporting, selling, or offering for sale products bearing a copyrighted camouflage pattern of JOEL, or derivatives thereof;

4. making any statement or representation whatsoever with respect to the goods at issue that either falsely designates JOEL as the origin of the goods or is otherwise false or misleading;

5. any other conduct that would cause or is likely to cause confusion, mistake, or misunderstanding as to the source, affiliation, connection, or association of Defendant or Defendants' goods and services with JOEL or JOEL's goods and services;

6. competing unfairly with JOEL in any manner;

7. engaging in any other activity, including the effectuation of assignments or transfers of interests in counterfeits, simulations, reproductions, copies, derivative works, or colorable imitations of JOEL's copyrighted patterns, trademarks, or any other intellectual property of JOEL, including the

    formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions herein.

C.  That Defendants deliver up during the pendency of this action and for destruction upon entry of judgment:

  1.  Defendants' products bearing JOEL's copyrighted patterns, derivative works thereof, and/or any other intellectual property of JOEL;

  2.  any and all substantially similar materials manufactured, distributed, marketed, and/or sold by or on behalf of Defendants; and

  3.  any and all copies of materials used by Defendants to advertise, promote, and/or solicit sales for Defendants' products.

D.  That Defendants be ordered to pay JOEL all profits realized by Defendants by reason of their unlawful actions as set forth herein.

E.  That Defendants be ordered to pay JOEL all damages suffered, including statutory or actual damages at JOEL's election and in accordance with 17 U.S.C. § 504(c), by reason of Defendants' acts of copyright infringement set forth herein.

F.  That Defendants be ordered to pay JOEL three (3) times the damages suffered by JOEL by reason of Defendants' willful, unlawful actions as set forth herein.

G.  That Defendants be ordered to pay JOEL punitive damages as provided by law.

H.  That Defendants be ordered to pay JOEL the cost of this action and reasonable attorney's fees and investigatory fees.

I.  That Defendants be ordered to pay JOEL prejudgment interest.

J.  That JOEL has such other and further relief as this Court may deem just and proper.

Date:   October 30, 2012

*/s/ Daniel J. Warren*
Daniel J. Warren
Georgia Bar No. 738,240
**SUTHERLAND ASBILL & BRENNAN LLP**
999 Peachtree Street, N.E., Suite 2300
Atlanta, Georgia  30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
E-mail: daniel.warren@sutherland.com